UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHAUN BUCK,

     Plaintiff,

v.

JUDGE ANDREW ELLIS, et al,

     Defendants.

Case No. 1:26-cv-00177-DCN

**MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE**

## I. INTRODUCTION AND BACKGROUND

On March 26, 2026, Plaintiff Shaun Buck filed the instant civil rights lawsuit. Dkt. 1. The case was randomly assigned to Chief United States Magistrate Judge Raymond E. Patricco. Broadly speaking, Buck challenges certain Idaho state court proceedings related to a civil protective order that resulted in his being listed in the National Crime Information Center ("NCIC") database. He alleges the underlying protective order is void and the listing has resulted in a federal firearm ban, screenings at international borders, and an increase in law enforcement interactions all in violation of his civil rights. *See generally id*.

As will be discussed later in this decision, this is a follow-up lawsuit to a similar matter Buck filed in 2025. *See* Case No. 1:25-cv-00138-AKB (Buck v. Steckel et al).

On April 1, 2026, Buck filed a Motion for Temporary Restraining Order. Dkt. 3. He suggested ex parte relief is warranted and that the Court should direct defendants to immediately remove "the void protection order" from the NCIC database. *Id*. at 14–15.

On April 6, 2026, a request for reassignment to a District Judge was filed. Dkt. 4.

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE - 1

The case was reassigned to Chief District Judge Amanda K. Brailsford. On April 7, 2026, Judge Brailsford recused herself and the case was reassigned to the undersigned. Dkt. 5.

On April 13, 2026, Buck filed a Motion for Leave to File Documents Electronically. Dkt. 6. That same day, he filed a Motion to Disqualify all Article III Judges. Dkt. 7.

On April 21, 2026, Buck filed a Motion for Leave to File (Dkt. 9) seeking to supplement his prior Motion to Disqualify with additional information (Dkt. 10).

## II. ANALYSIS

### A. Motion for Leave to File Electronically (Dkt. 6)

Good cause appearing, the Court will grant Buck's Motion and allow him to file electronically.

Buck will be permitted to enroll as a "Registered Participant in the Electronic Filing System" solely for purposes of this action and is permitted to electronically file and receive materials via the Court's CM/ECF Program.[1] Buck must follow all applicable procedures for electronic case filing, including but not limited to the District of Idaho's Local Civil Rules and Electronic Case Filing Procedures.[2] Permission to file electronically may be revoked at any time for failure to comply with these rules. The Motion (Dkt. 6) is GRANTED.

### B. Judicial Disqualification (Dkt. 7)

As a threshold matter, the Court grants Buck's Motion for Leave to File (Dkt. 9)

---

[1] Plaintiff shall contact the Clerk of the Court for instructions on how to enroll in CM/ECF in the District of Idaho.

[2] The District of Idaho's Local Civil Rules and Electronic Case Filing Procedures can be found on the Court's website: www.id.uscourts.gov.

and will accept his supplemental brief (Dkt. 10).

Buck moves the Court for an order that all Article III judges in the District of Idaho are disqualified from presiding over this case. Dkt. 7.

First, Chief District Judge Brailsford has already recused herself from this matter. Second, the undersigned cannot determine Senior Judge Winmill's suitability to preside over this case. Recusal and disqualification are analyzed on an individual basis and, except in unusual circumstances, by the challenged judge who is in the best position to make that determination. The Court's analysis, therefore, will focus on the undersigned's ability to fairly and impartially adjudicate this matter.

While the Court appreciates Buck's thoroughness in ensuring the integrity of the judicial process, his concerns are overblown. He has, frankly, alleged a whole slew of interrelated connections and correlations between the undersigned, the undersigned's career law clerk, and various defendants. Candidly, most of his suppositions about bias are simply the result of the relatively small number of attorneys in Idaho. Thus, the Court will not take the time to review every suggestion of bias, but only those it finds meritorious or deserving of some explanation for clarity.

Initially, one of the reasons Buck suggested the undersigned recuse himself is because one of the Defendants in this case is Richard Bevan, Chief Justice of the Idaho Supreme Court, and the undersigned previously recused himself from another case in which Chief Justice Bevan was a named defendant. Dkt. 7, at 7. Buck seems to have realized, however, that the reason the undersigned recused in that prior case was because Jeff Nye was a named defendant and Jeff is the undersigned's son. Dkt. 10, at 2.

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE - 3

The Court can confirm it recused itself in that prior case because of Jeff, not because of Chief Justice Bevan. This aside, Buck claims Jeff is an equally compelling problem in this case and warrants recusal. Importantly, Jeff is not a named Defendant here. And although Jeff works at the Idaho Attorney General's Office and some of the Defendants in this case were formerly employed at the Attorney General's Office, that does not create a conflict for the undersigned. Neither does the fact that most of the Defendants in this case will be represented by members of the Attorney General's Office. Attorney General Labrador has created a procedure whereby Jeff is screened off any cases involving the undersigned *and* screened out of the reporting chain of command for any attorneys working on cases before the undersigned. There is no conflict related to Jeff.

Second and more broadly, while the undersigned (and/or his law clerk) have a professional relationship with some of the Defendants in this case, such does not justify disqualification. Being acquainted with, or having a professional relationship with, an individual (attorney, judge, or otherwise) is not sufficient to support a motion for disqualification. *See Pellegrini v. Merch.*, 2017 WL 735740, at *2 (E.D. Cal. Feb. 24, 2017) ("As with most judges, the undersigned has previously attended professional engagements with many people in this local legal community, but those professional relationships, without more, do not lead to personal bias against litigants."). The legal profession in the District of Idaho is small and, as a result, the undersigned and his law clerk are professionally acquainted with *some* of the defendants in this matter.

Nevertheless, the undersigned does not have any relationships with any of the Defendants that would bear on rulings in this matter, nor would the undersigned's limited

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE - 4

professional association with some of the Defendants create any personal bias so severe as to justify removal from presiding over this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted. *See Focus Media, Inc. v. Nat'l Broadcasting Co.* (*In re Focus Media, Inc.*), 378 F.3d 916, 930 (9th Cir. 2004).

The Court has thoroughly reviewed the record and finds Buck has not persuasively shown the undersigned must disqualify himself under either 28 U.S.C. §§ 144[3] or 455,[4] which govern the disqualification of judges.

---

[3] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[4] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE - 5

Buck's Motion to Disqualify (Dkt. 7) is DENIED as it lacks sufficient supporting evidence.

## C. Order to Show Cause

As mentioned, this is not Buck's first time in federal court. In 2025, he filed a case substantially similar to the instant action. Judge Brailsford sua sponte reviewed his Complaint and abstained from exercising jurisdiction under the *Younger* abstention doctrine because Buck's allegations related to ongoing state judicial proceedings. *See generally Buck v. Steckel*, 2025 WL 2855279 (D. Idaho Oct. 8, 2025). Judge Brailsford also found the defendants were entitled to judicial immunity and the protections of the Eleventh Amendment. *Id*. at *4. The case was dismissed. *Id*. at *5.

Buck does not hide from his prior suit, but alleges this case is "fundamentally different" because he is not seeking to challenge ongoing state court proceedings, but conduct that occurred afterwards and the resulting effects of those state court proceedings. Dkt. 1, at 7–8.

Fundamentally, however, Buck is still challenging the state court action—which he likely cannot do. Broadly speaking, *Younger* abstention only applies to actions seeking to undermine a state court action that is *ongoing*. The protective order Buck is challenging is still in force. And it is *that* protective order that is the moving factor behind Buck's listing

---

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

in NCIC.

But even if it could be said that the underlying state court action is "final," that does not bode any better for Buck.

To begin, Buck's remedy if he is unhappy with state court proceedings is to appeal (in Idaho state courts); not to bring a federal challenge. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (an action is ongoing for *Younger* purposes if the complaint was filed before the time for appeal expired).

Second, under the *Rooker-Feldman* doctrine, a federal court is stripped of its subject matter jurisdiction when an action constitutes a "de facto appeal" of a prior state court judgment and raises a claim that is "inextricably intertwined" with that state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (holding *Rooker-Feldman* precludes adjudication where "the only redress [plaintiffs] seek is an 'undoing' of the prior state-court judgment"). "*Rooker–Feldman* looks to federal law to determine 'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Bianchi*, 334 F.3d at 900 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Therefore, the doctrine precludes review of all "state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 901; *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923).

Accordingly, it appears abstention—under either *Younger* or *Rooker-Feldman*—still applies and bars Buck's claims.

MEMORANDUM DECISION AND ORDER AND ORDER TO SHOW CAUSE - 7

What's more, like Judge Brailsford found, the Eleventh Amendment and judicial immunity likely still apply to most, if not all, Defendants.

Buck touched upon *Younger* abstention and immunity in his filings. But the Court is not persuaded by his explanations. Additionally, as explained, the *Rooker-Feldman* doctrine likely applies here as well.

Put simply, the Court is of the opinion that multiple legal doctrines bar this suit and that it lacks jurisdiction over the same. However, the Court strives to give a party notice and an opportunity to present facts or arguments before dismissal. Accordingly, Buck is ordered to show cause why this case should not be dismissed for the reasons outlined above.

Relatedly, Defendants contacted the Court via email seeking to know which, if any, deadlines applied to the various filings and whether responses were necessary considering they have not yet formally appeared in the case. The Court informally advised counsel it would issue a preliminary order and outline relevant deadlines therein. This is that order.

At this stage, however, the Court does not *require* any response to any filing from any Defendants. That said, should Defendants like to be heard on the issue of abstention/jurisdiction, it may file a brief outlining its position.

### D. Motion for Temporary Restraining Order (Dkt. 3)

A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *E.g., CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (citation

modified). A preliminary injunction and a TRO generally serve the same purpose of "preserv[ing] the status quo ante litem pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980); *see also* Fed. R. Civ. P. 65.

Nevertheless, certain circumstances warrant divergence from the status quo. Preliminary relief may take one of two forms: (1) prohibitory which prohibits "a party from taking action and preserves the status quo pending a determination of the action on the merits" and (2) mandatory which "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma BmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation modified). "A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Id.* (citation modified). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (citation modified).

It is well-established that whether a preliminary injunction or a TRO should be issued is committed to the sound discretion of the district court. *Jimenez v. Barber*, 252 F.2d 550, 554 (9th Cir. 1958).

For all the reasons outlined above, the Court does not find Buck has a likelihood of success on his claims and it will not order Defendants to take any mandatory action as it relates to his listing on NCIC.

The Motion for Temporary Restraining Order (Dkt. 3) is DENIED.

### III. ORDER

1. Buck's Motion for Temporary Restraining Order (Dkt. 3) is DENIED.

2. Buck's Motion for Leave to File Electronically (Dkt. 6) is GRANTED as outlined above.

3. Buck's Motion to Disqualify (Dkt. 7) is DENIED.

4. Buck's Motion for Leave to File (Dkt. 9) is GRANTED.

5. Buck shall respond to the Court's concerns on or before May 15, 2026. His brief is limited to 20 pages.

6. If any Defendant wishes to make its position known, it may do so on or before May 15, 2026, as well. An appearance will be required in order to docket any filings in this case; however, any such filing in response to the Court's inquiry here will not constitute an Answer or responsive pleading under the Federal Rules. This is a threshold jurisdictional issue the Court must address before moving forward.

DATED: May 5, 2026

David C. Nye
U.S. District Court Judge